Paulette J. HARFORD and Oris Harford, Plaintiffs,

v.

Gilbert P. SMITH, and Kathryn A. Smith, Defendants.

Gilbert P. SMITH, and Kathryn A. Smith, Third-Party Plaintiffs,

v.

BUYRITE MERCHANDISING COMPANY, a corporation, doing business as the Gas House-Home Gas Equipment Company, Third-Party Defendant.

Civ. A. No. 1587-W.

United States District Court
N. D. West Virginia.

Aug. 19, 1966.

Carl B. Galbraith, Wheeling, W. Va., for plaintiffs.

Richard H. Talbott, Jr., Elkins, W. Va., for third-party plaintiffs.

Richard H. Talbott, Jr., Elkins, W. Va., for defendants.

L. Baker Fowler, Elkins, W. Va., for third-party defendants.

MAXWELL, Chief Judge.

Paulette J. Harford and Oris Harford first instituted this civil action against Gilbert P. Smith and Kathryn A. Smith, alleging personal injuries to Paulette J. Harford when a bottled gas cooking stove exploded at a Davis, West Virginia, motel owned by the Smiths, who had rented facilities to the Harfords. This original complaint alleged negligence and breach of warranty.

Thereafter, the Smiths filed a third-party complaint against Buyrite Merchandising Company, an Ohio corporation, doing business as the Gas House-Home Gas Equipment Company. This complaint also alleged negligence and breach of warranty. Service of process was made upon the Auditor of the State of West Virginia, pursuant to Rules 4(d) (3) and (7) of the Federal Rules of Civil Procedure and to the West Virginia Code, Chapter 31, Article 1, Section 71 (Michie's ed. 1961, § 3083).

Buyrite now has filed a motion to quash this service of process, contending that it was not doing business in the state and that acceptance of service by the state on its behalf was void.

It is the opinion of the Court, however, that this motion must be denied.

As has been indicated, the interrelation of Rules 4(d) (3) and (7) of the Federal Rules of Civil Procedure and of West Virginia Code, Chapter 31, Article 1, Section 71 (Michie's ed. 1961, § 3083) is controlling in this case.

Rule 4(d) (3) provides that personal service shall be made upon a foreign corporation by delivering a copy of the summons and of the complaint to "any * * agent authorized by appointment or by law to receive service of process".

Rule 4(d) (7) provides that a foreign corporation may also be served "in the manner prescribed by the law of the state in which the service is made".

■ It is apparent, therefore, that the federal rules allow service in the manner authorized by the state service of process statute.

West Virginia Code, Chapter 31, Article 1, Section 71 (Michie's ed. 1961, § 3083), commonly referred to as the long arm statute, provides, in pertinent part, as follows:

Any foreign corporation *which shall do any business in this State* without having been authorized so to do pursuant to the provisions of section seventy-nine (§ 3091) of this article shall be conclusively presumed to have appointed the auditor of the State as its attorney in fact with authority to accept service of notice and process on behalf of and upon whom service of notice and process may be made in this State for and upon every such corporation in any action or proceeding described in the next following paragraph of this section. * * * (emphasis added)

For purposes of this section, a foreign corporation not authorized to do business in this State pursuant to the provisions of section seventy-nine (§ 3091) of this article shall nevertheless be deemed to be doing business herein if such corporation makes a contract to be performed, in whole or in part, by any party thereto, in this State, or if such corporation commits a tort in whole or in part in this State. * * *

Buyrite has not been authorized to do business in the state pursuant to Section seventy-nine (§ 3091).

In order to determine whether the service of process upon Buyrite has complied with Rules 4(d) (3) and (7), therefore, it is necessary to determine whether the service of process has met the dictates of West Virginia's long arm statute. To do so, furthermore, it is necessary to answer the following question. Has Buyrite done "any business in this State," so as to fall under the purview of the state long arm statute?

The complaint against Buyrite alleges both tort and contractual liability. As the West Virginia long arm statute indicates, either may be sufficient to establish the requisite doing of business. In this memorandum, each aspect will be considered separately.

Ever since International Shoe v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), where the Court found "sufficient contacts" to justify service of process, the trend of court decisions generally has been to uphold state long arm statutes. See e. g., McGee v. International Life Ins., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). The question now before the Court is whether the facts of this case merit our upholding the manner in which Buyrite was served with process. We believe they do.

■ In this determination, of course, we are bound by West Virginia's own interpretation of her long arm statute, both as to its tort and contractual (breach of warranty) underpinnings. Shealy v. Challenger Mfg., 304 F.2d 102, 104 (4th Cir. 1962).

To a lesser extent, we also are mindful of two basic facts. This cause of action arose out of the use of Buyrite's product in West Virginia. Most of the witnesses probably will be from this state. Therefore, it seems only fair for Buyrite to defend in West Virginia. Id. at 103–104.

First, the Court directs its attention to the tort underpinnings of this case. Was the Smiths' complaint, to the extent it sounded in tort, served in a proper manner?

There is no West Virginia state case directly on point, but this Court, in Mann v. Equitable Gas, 209 F.Supp. 571 (N.D. W.Va.1962), has previously considered the issue.

*Mann* involved a suit for personal injuries suffered when a section of gas pipe exploded. The pipe was manufactured by a foreign corporation and installed here by a West Virginia firm.

The plaintiff in *Mann* relied on the above-quoted section of the West Virginia long arm statute which provides that a corporation is doing business within the state, for purposes of that code section, if it commits a tort, in whole or in part, within the state.

This Court quashed the service of process against the foreign corporation in *Mann*.

It is not our intention at this time to overrule a prior decision of this Court. Suffice it to say that the holding in *Mann* was entirely predicated on the fact that minimum contacts between the foreign corporation and the state were lacking.

The Court's reasoning in *Mann* was that in addition to the commission of a tort within the state, it is necessary under the Fourteenth Amendment's due process clause that minimum contacts exist between the foreign corporation and the forum in which jurisdiction is sought. 209 F.Supp. at 574–576. Accord State ex rel. Coral Pools v. Knapp, 147 W.Va. 704, 131 S.E.2d 81, 87 (1963).

Plainly, there were no minimum contacts in the *Mann* case. The record, for example, was silent as to whether the section of defective pipe was purchased in West Virginia or whether it was purchased outside the state and then transported and installed here. It was not suggested that the foreign corporation had reason to know that the pipe would be brought to this state. Neither was there any indication that the foreign corporation had carried on an advertising campaign affecting this state. Furthermore, no direct mail contact between the foreign corporation and West Virginia residents was alleged. No agent of the foreign corporation ever stepped into the state. Based on this record, the Court in *Mann* had no choice but to find a lack of minimum contacts.

In the present case, on the other hand, it is alleged that the bottled gas stove, which is the subject of the litigation, was purchased by the Smiths in the state. Buyrite itself admits to advertising and soliciting in West Virginia. It admits furthermore, that such activities are carried on twice a year through advertisements in a national trade magazine, which, it must be assumed, has some state circulation. Buyrite also admits to direct mail contact with West Virginia customers. The names of these customers are taken annually from Buyrite's customer list.

The Court, therefore, feels that the facts are sufficient to distinguish this case from *Mann*. Here, no doubt, there are sufficient minimum contacts.

One important corollary of *Mann* was that if the commission of a tort within the state is coupled by sufficient minimum contacts, service of process pursuant to the long arm statute is proper. Since the present case involves the commission of a tort within the state (provided that the underlying facts are proven), and since the commission of that tort was coupled with sufficient minimum contacts, there is now no reason to conclude that under West Virginia law the service of process upon Buyrite should be quashed.

This conclusion is also suggested by the broad language in State ex rel. Coral Pools v. Knapp, supra, 147 W.Va. 704, 131 S.E.2d 81 (1963), which admittedly dealt with a contractual allegation and not one sounding in tort. The *Coral Pools* case is discussed in more detail below.

Thus, the complaint served on Buyrite, to the extent it sounded in tort, was served in a proper fashion.

The second question to which the Court now directs its attention is whether the Smiths' service of process, to the extent their complaint sounded in contract (breach of warranty), was also proper.

In this case, several West Virginia decisions are available, and the State Supreme Court, at least in *Coral Pools*, to which reference has previously been made has expressed its position clearly, giving a very expansive interpretation to the contract provisions of the state long arm statute.

The plaintiff in *Coral Pools*, who was a resident of West Virginia, had signed a

contract with a nonresident Ohio corporation, whereby he was to assist in the sale of home swimming pool kits. The written contract was executed in Ohio.

Thereafter, in a totally independent event, not called for by the contract previously signed, the Ohio corporation telephoned the plaintiff in West Virginia and offered a proposal whereby the plaintiff would build a model swimming pool on his own property.

The plaintiff accepted. He then cut down several trees and otherwise prepared the ground for constructing the pool, only to find that there had been a misunderstanding as to who would bear the cost.

Plaintiff brought suit by serving the auditor of the state pursuant to the long arm statute. The foreign corporation moved to quash the service of process.

After specifically noting the trend toward expanding the permissible scope of state jurisdiction over foreign corporations, id. 131 S.E.2d at 90, the West Virginia State Supreme Court ruled that the requisite minimum contacts had been established and that it was consistent with the "traditional notions of fair play and substantial justice" to uphold service of process on the Ohio corporation.

It bears repeating that the West Virginia Supreme Court's holding in *Coral Pools* was not posited on the written contract which contemplated a series of transactions (the selling of swimming pool kits) in the state, but on the independent oral contract between plaintiff and the foreign corporation. Id. 131 S.E. 2d at 86. Under the oral contract, the only thread linking the foreign corporation with West Virginia was the contemplated construction of *one* swimming pool by a West Virginia resident, using the foreign corporation's building material.

If minimum contacts were found in the *Coral Pools* case, based on the facts there present, it appears that the West Virginia Supreme Court would also find minimum contacts in the present case.

 This Court, consequently, is of the opinion that in reference to the Smiths' contractual allegation the West Virginia courts would find Buyrite had been "doing business" in West Virginia in such a manner as to support service of process on it under the state long arm statute.

This determination is also buttressed by authority other than *Coral Pools*. See, e. g., McGee v. International Life Ins., supra, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223 (1957); Gavenda Bros. v. Elkins Limestone, 145 W.Va. 732, 116 S.E.2d 910 (1960); 65 W.Va.L.Rev. 63 (1962); 63 W.Va.L.Rev. 269 (1961); 59 W.Va. L.Rev. 369 (1957); cf., Preston v. Raese, 236 F.Supp. 135 (N.D.W.Va.1964).

In conclusion, we have first determined that the West Virginia courts would uphold the Smiths' service of process to the extent the Smiths' complaint sounded in tort. Secondly, we have determined that the state courts also would uphold the service of process to the extent the Smiths' complaint sounded in contract.

Therefore, an order will be entered, denying Buyrite's motion to quash the service of process upon it.