**MARIETTA MANUFACTURING COMPANY, a corporation, Appellant,**

**v.**

**BRAD FOOTE GEAR WORKS, INC., a Corporation, Appellee.**

**No. 11174.**

United States Court of Appeals Fourth Circuit.

Argued May 5, 1967.

Decided May 26, 1967.

890 of this content.

**890**

———◇———

Robert H. C. Kay, Charleston, W. Va. (Kay, Casto & Chaney, Charleston, W. Va., on brief), for appellant.

Louis Linton Dent, Chicago, Ill. (J. B. Meek, Huntington, W. Va., on brief), for appellee.

Before SOBELOFF, BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

Action was brought in the Southern District of West Virginia by Marietta Manufacturing Company, a corporation organized under the laws of that State and doing business there, against Brad Foote Gear Works, Inc. chartered by and having its chief place of business in Illinois, to recover damages for breach of a 1962 contract. Jurisdiction was pitched on diversity of citizenship and damages were laid at more than $10,000.

The complaint was dismissed on the motion of Brad, upon the finding by the trial court that it was not subject to suit in West Virginia according to her laws. The case was submitted and de-cided exclusively on the West Virginia statute. Brad was not authorized to do business in West Virginia, and with this circumstance, the West Virginia Code 31–1–71 (Michie's 1966) provides in relevant part:

"For the purposes of this section, a foreign corporation not authorized to do business in this State pursuant to the provisions of section seventy-nine [§ 31–1–79] of this article shall nevertheless be deemed to be doing business herein if such corporation makes a contract to be performed, in whole or in part, by any party thereto, in this State * * *."

The contract was for the manufacture in Chicago, Illinois of certain winches to be installed by Marietta Manufacturing upon a United States vessel then under construction at Point Pleasant, West Virginia. Except for the visits of its representatives in the State in solicitation of the contract, Brad before or afterwards had no contacts in West Virginia, had no office and carried on no activities of any kind there. The winches were to be made according to drawings and specifications submitted to Brad by Marietta. Brad was not obligated to put the machinery on the ship but merely to load the units on railroad cars for delivery in West Virginia. The price was uniformly quoted in the purchase orders by Marietta as F.O.B. Point Pleasant, West Virginia while Brad's communications referred consistently to delivery F.O.B. Chicago. The conflict was not resolved in this action.

Applying the West Virginia statute, the District Judge found, from the evidence that the contract was neither made in West Virginia, nor was it intended to be performed there, nor in fact was it performed there. We cannot say the finding was clearly erroneous. Consequently, we affirm his dismissal of the case for want of jurisdiction over the defendant.

Affirmed.