Paulette J. HARFORD and Oris Harford,
Plaintiffs,

v.

Gilbert P. SMITH and Kathryn A. Smith,
Defendants.

Gilbert P. SMITH and Kathryn A. Smith,
Third-Party Plaintiffs,

v.

BUYRITE MERCHANDISING COMPA-
NY, a corporation, doing business as
the Gas House-Home Gas Equipment
Company, Third-Party Defendant.

Civ. A. No. 647-E.

United States District Court
N. D. West Virginia.

Sept. 12, 1967.

---

Carl B. Galbraith, Ronald W. Kasser-
man, Wheeling, W. Va., for plaintiffs.

Richard H. Talbott, Jr., Elkins, W.
Va., for defendants and third party plain-
tiffs.

W. E. Mohler, Charleston, W. Va., L.
Baker Fowler, Elkins, W. Va., for third
party defendant.

MAXWELL, Chief Judge.

On August 19, 1966, this Court denied
a motion to quash service of process
sought by the third-party defendant Buy-
rite Manufacturing Company, an Ohio
corporation. Harford v. Smith, 257 F.
Supp. 578 (N.D.W.Va.1966). Buyrite has
now renewed that motion. In addition,
the third-party defendant moves for sum-
mary judgment in its favor.

Supporting the renewed motion to
quash, Buyrite places reliance on a re-
cent decision of the Supreme Court of
Appeals of West Virginia, Hodge v.
Sands Mfg. Co., W.Va., 150 S.E.2d 793
(1966), decided subsequent to this Court's
earlier decision on this point.

As the Court indicated in its earlier
opinion, service on Buyrite, an Ohio cor-

poration, is based on Rule 4(d) (7) of the Federal Rules of Civil Procedure, which, in turn, calls for interpreting West Virginia's so-called "long-arm statute," and this Court agrees that the latest interpretation of that statute by West Virginia's highest court must be considered.

However, the Court does not believe that the *Hodge* case compels a reversal of our earlier decision.

The *Hodge* case held that a West Virginia court was without jurisdiction over foreign corporations, defendants in an action for damages resulting from an exploding water heater which they manufactured, where the defendants had not done business in the State and did not employ any servants or agents in the State. Plaintiff had purchased the heater from a West Virginia retailer who, in turn, had purchased it through an independent salesman not employed by the defendants.

This Court feels that the instant case is clearly distinguishable from *Hodge*. While in *Hodge* the facts revealed nothing more than a single, isolated sale negotiated by an independent salesman, and there was no evidence of any solicitation of business within West Virginia, it is clear that Buyrite does solicit business in West Virginia. See the Court's earlier opinion, Harford v. Smith, supra, 257 F. Supp. at 581, that soliciting is done by advertising and direct mail to customers in West Virginia.

In a decision prior to *Hodge* the West Virginia Supreme Court of Appeals appeared to approve of a trend toward expanding the permissible scope of state jurisdiction over foreign corporations. State ex rel. Coral Pools v. Knapp, 147 W.Va. 704, 131 S.E.2d 81, (1963). Since the manufacturing defendant in *Hodge* did sell its water heater to a West Virginia retailer, albeit through an independent salesman and not through its own representatives, it may well be that *Hodge* reflects a reluctance to continue West Virginia's acceptance of the trend.

■ However, the Supreme Court in *Hodge* was careful to note that its determination of what constitutes minimum contacts sufficient to satisfy the long-arm statute "depends upon the specific facts in each particular case." Supra, 150 S.E.2d at 800.

■ In this Court's view, the instant case is distinguishable from *Hodge* and, since there was significantly greater involvement of this third-party defendant within West Virginia, by reason of its solicitation of customers here, this Court continues of the opinion that personal jurisdiction over Buyrite was legitimately obtained.

Buyrite also seeks summary judgment in its favor on the ground that "there is no genuine issue as to any material fact alleged in the third-party complaint, or in the answer of the third-party defendant * * *, and that the third-party defendant is entitled to judgment herein as a matter of law." This Court does not agree.

The basis of the third-party complaint is that the injuries suffered by plaintiffs were proximately caused by the defective design or construction of the stove manufactured by Buyrite. Subsequent to the filing of the instant motions, the Smiths, third-party plaintiffs here, submitted an affidavit wherein an engineer, a member of the National Association of Fire Investigators, expresses his opinion that the explosion was "caused, in whole or in part, by the manner in which said range was designed and manufactured."

In support of its motion Buyrite cites the discovery depositions of the Smiths, and these do indeed contain some testimony that tends to undercut their theory that Buyrite's negligence contributed to the accident.

■ However, in any action for summary judgment it is not the Court's function to determine disputed issues of fact. Though the Court may feel more in sympathy with one view of the facts than with the other, it is clear that, as

long as there remains a genuine issue of fact, summary judgment should not be granted. 3 Barron & Holtzoff, Federal Practice & Procedure § 1231 (1958). The Court believes that this is the case here.

An order will be entered denying both motions.